## DAVID PIERCE *versus* NATHAN JOSSELYN.

A cow which was found *damage-feasant* upon a mowing field, was driven by the own-
er of the field into the road and there delivered into the custody of a field driver,
who drove her to his barn and there confined her, the owner of the field assisting
him, and notifying to him that he claimed remuneration for the damage done. It
was *held*, that this was a legal impounding, under *St.* 1788, *c.* 65, § 3. [Revised
Stat. *c.* 113.]

After a cow legally impounded had been rescued, the owner of the cow met the per-
sons by whom she had been released, while they were engaged in driving her to-
wards his house, with full knowledge of the facts, and aided them in so driving her.
It was *held*, that he was liable, under *St.* 1788, *c.* 65, § 6, [Revised Stat. *c.* 113,
§ 15,] for a breach of pound.

THIS was an action of *qui tam*, brought by a field driver
against the defendant for a pound-breach. Plea, the general
issue.

At the trial in the Court of Common Pleas, before *Williams*
J., the plaintiff produced Solomon L. Wild, as a witness,
who testified, that the defendant's cow was, on June 28, 1832,
found by the witness on his mowing ground in Weymouth,
doing damage ; that he called on the plaintiff, as a field driver,
to take and impound her ; that the plaintiff thereupon directed
the witness to drive her from his ground into the road ; that
the witness did so, and then and there delivered her into the
custody of the plaintiff ; that the witness assisted the plaintiff
to drive her to the plaintiff's barn, where they confined her,
the witness notifying to the plaintiff that he claimed fifty cents
for the damage done by the cow. It also appeared in evi-
dence, that, on the night of the same day, a number of men
went together to the plaintiff's barn, and without the knowl-
edge or consent of the plaintiff or of Wild, opened the door
and drove the cow from the barn to the defendant's house.

Evidence was further offered tending to prove, that while the
men were engaged in the act of driving the cow from the barn
towards the defendant's house, the defendant, who was coming
in the direction from his house, met them in the road at a dis-
tance of from forty to eighty rods from the barn, and joined
and aided them in driving the cow to his own house, with a
knowledge of the facts, that the cow had been so impounded and
rescued. The jury were instructed, that the evidence if be-

Pierce
*v.*
Josselyn.

lieved, proved that the cow was lawfully impounded ; and that if they were not satisfied that the defendant was present when the cow was taken and conveyed from the barn, or that the act was done by his direction or procurement, or with his knowledge or consent at the time, yet, if they were satisfied from the evidence, that the defendant afterwards, while the men were so engaged in the act of driving the cow from the barn to his house, and with a knowledge of the facts, that she had been so impounded and restrained, and so delivered and conveyed from the place where she had been restrained, voluntarily joined and aided them in driving her to his own house, and thus completing and accomplishing their object, the plaintiff was entitled to a verdict.

The jury returned a verdict for the plaintiff ; and the defendant thereupon excepted to the instructions of the court.

*Mann,* for the defendant, to the point, that the cow was not lawfully impounded, cited *St.* 1788, *c.* 65 ; *Commonwealth* v. *Beale,* 5 Pick. 514.

*Oct. 27th.*

*Metcalf* and *Sampson,* for the plaintiff, to the point, that the defendant, by aiding in completing the trespass became a principal trespasser *ab initio,* cited 2 Hawk. (Curwood's ed.) c 29, §§ 1, 2, 3, 4 ; 4 Inst. 317 ; Com. Dig. *Trespass, C* 1 , 3 Stark. on Ev. 1445 ; *Gibson's case,* Lane, 90.

WILDE J. afterward drew up the opinion of the Court

Two exceptions have been taken to the instructions of the court to the jury.

1. Because the jury were instructed, that the evidence reported, if believed, proved that the defendant's cow was lawfully impounded, whereas the defendant's counsel contend, that a field driver cannot lawfully impound any cattle except in a town pound. This exception cannot be allowed, because it appears by the evidence, that the cow was found in one Wild's mowing ground *damage-feasant,* and was impounded by his order, he claiming fifty cents for the damage done. This he was authorized to do by *St.* 1788, *c.* 65, § 3, with or without the aid of a field driver ; and although the cow was driven into the road by Wild, by the direction of the field driver, and was there delivered to him, yet it is not to be inferred, that the cow was impounded for going at large ; and clearly the cow

was not found going at large, and could not lawfully be impounded by the field driver for that cause. As, therefore, it does not appear, that the cow was impounded for going at large, but, on the contrary, it does appear that the field driver acted under the direction of Wild, and that the cow was found in Wild's mowing field damage-feasant, we think that this exception is clearly unfounded.

2. And the other exception, as it appears to us, is equally unfounded. The jury were instructed, that if they were not satisfied, that the defendant was present when his cow was taken, or that the act was done by his direction, or procurement, or with his knowledge or consent at the time, yet if they were satisfied, from the evidence, that the defendant afterwards, while the men who took the cow were engaged in the act of driving her from the barn to his house, and with a knowledge of the facts, that she had been impounded and restrained, and had been delivered from the place where she' had been restrained, voluntarily joined and aided them in completing and accomplishing their object, the plaintiff was entitled to a verdict.

This direction, we think, was perfectly correct. The principle is well established, that if a person agree to a trespass which has been committed for his benefit, he thereby becomes a principal trespasser *ab initio* ; *a fortiori*, if he aids in completing the trespass. Such a subsequent approval is considered as equivalent to a previous command. 4 Inst. 317 ; *Gibson's case*, Lane, 90 ; Com. Dig. *Trespass*, C 1; Brooke's Abr. *Trespass*, *pl.* 113, 256 ; Bac. Abr. *Trespass*, *G.* The evidence clearly proves, that the cow was liberated for the benefit of the defendant, so that the cases cited are directly in point and fully sustain the instructions to the jury.

*Judgment of the Court of Common Pleas affirmed.*